IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **GABRIEL WELLS,** | CASE NO. 3:24 MC 0005 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **STATE OF HAWAII,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Plaintiff Gabriel Wells filed this *pro se* Complaint, captioned "Motion to Quash, Court Lacks Personal Jurisdiction" against the State of Hawaii. (Doc. 1). Plaintiff asserts he was arrested in Hawaii on a warrant in December 2023 and charged with obstructing government operations. *See* Doc. 1-1. A criminal complaint was filed against him in the Hawaii Fifth Circuit Court in Kauai. *State of Hawaii v. Wells*, No. 5DCW-24-0000028 (Hawaii 5th Cir.) (Compl. filed Jan. 5, 2024). *Id.* He was released on bond. *Id.* That case is still pending. Plaintiff filed this action on January 16, 2024, contesting the validity of Hawaii's statehood and claiming that Hawaii has no jurisdiction to prosecute him. (Doc. 1). He asks this Court to quash the criminal action pending against him in Hawaii. *Id.*

STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

As an initial matter, this Ohio District Court lacks jurisdiction to declare the statehood of Hawaii to be invalid. Plaintiff cites to no legal authority that supports this Court's jurisdiction to make such a determination and the Court is unaware of any such authority.

Moreover, this Court must abstain from interfering with a pending state court matter. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving

claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state court defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987); *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) ("*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.").

Based on these principles, abstention is appropriate if: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The criminal action against Plaintiff is still pending, and state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise his jurisdictional challenges. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15.

3

Here, Plaintiff has not shown that he asserted these claims in the Hawaiian courts or that he is procedurally barred from asserting them in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against Plaintiff.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED THAT this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE